WILLIAM RENO ET AL. *v.* STATE OF MISSISSIPPI.

[41 South. Rep., 7.]

GAMBLING.   *Joint offense.   Evidence.*

> Defendants, indicted for playing and betting upon a joint game of
> cards, cannot be convicted on proof that each played and bet
> upon a separate game.

FROM the circuit court of LaFayette county.

HON. JAMES B. BOOTHE, Judge.

Reno and three others, appellants, were convicted jointly of
gambling.    The indictment charged that they played and bet

upon a certain game of cards together, and the instructions of the court below charged the jury that, unless they believed all four of the accused played in and bet upon the same game together, they should acquit. The jury convicted them all; the court below overruled their motion for a new trial, and they appealed to the supreme court.

*Falkner & Russell,* for appellants.

No witness for the state in this case testified to a game of cards for money in September, 1905, or at any other time, in which the four defendants played together in a party or with others not joined in the indictment.

There is no question raised on this indictment, for it is all right and permissible under sec. 1431 of the code of 1892, but under the indictment as framed it is not competent to prove other separate and distinct offenses under the gambling law, wholly disconnected in time and place from each other, nor is it competent to prove one or more acts of gambling against the defendants unless the four played at the same time, at the same place, and together. *Howard* v. *State,* 83 Miss., 378 (s.c., 35 South. Rep., 653).

*R. V. Fletcher,* assistant attorney-general, for appellee.

The record does not sustain the contention of appellant that the principles laid down in the *Howard case* were disregarded, since it appears that the state confined its proof to a single game in which all four of the appellants participated. The state having decided not to offer in evidence proof of other acts of gambling participated in by these appellants, it is immaterial that the one single act toward which all the proof was directed may possibly or probably have occurred after the time in the indictment. In this view of the case, the *Howard case* has no application.

Argued orally by *L. M. Russell,* for appellants.

WHITFIELD, C. J., delivered the opinion of the court.

There is not a particle of evidence in the case to show that the four parties, charged in the indictment specifically with having for money played a joint game, ever at any time played such joint game.

*Reversed and remanded.*